# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| **PATRICIA A. KEARLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No._____** |
| | ) | |
| **GOODWILL INDUSTRIES OF,** | ) | |
| **MIDDLE TENNESSEE, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | **JURY DEMAND** |

_____

## COMPLAINT
_____

COMES NOW the Plaintiff, Patricia A. Kearley, by and through undersigned counsel, and for her Complaint in this matter states as follows:

## <u>PARTIES</u>

1. Plaintiff, Patricia A. Kearley (hereinafter "Plaintiff"), is a female citizen of the United States and the State of Tennessee 604 Twin Oaks Court, Nashville, Tennessee.

2. Defendant, Goodwill Industries of Middle Tennessee, Inc. (hereinafter "Defendant"), is, upon information and belief, a corporation organized under the laws of the Tennessee, with its principal address at 1015 Herman Street, Nashville, TN 37208-3143.

3. Defendant is licensed to do business in the State of Tennessee and may be served in care of its registered agent, David Lifsey, 1015 Herman Street, Nashville, Tennessee 37208-3143.

## JURISDICTION AND VENUE

4. Plaintiff's claims in this matter arise pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e et. seq.). This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C § 1331 and 28 U.S.C. § 1367.

5. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district.

6. On or about September 20, 2010, Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), alleging sex discrimination and unlawful retaliation against Defendant. (A copy of Plaintiff's charge is attached hereto as Exhibit A).

7. On or about October 21, 2011, Plaintiff received a notice of suit rights from the EEOC, advising her that she had 90 days to file suit against Defendants under Title VII and the ADA. (A copy of said notice is attached hereto as Exhibit B).

8. Plaintiff has filed this Complaint within the aforementioned 90-day right to sue period.

## GENERAL FACTS

9. Defendant hired Plaintiff as an Assistant Manager for its Nolensville, Tennessee location on or about October 9, 2009.

10. Harry Zimmerman (hereinafter "Zimmerman") was Defendant's Store Manager and Plaintiff's supervisor at the time she was hired.

2

11. Almost immediately after Plaintiff was hired, Zimmerman began making inappropriate comments regarding Plaintiff's breasts and body, such as "I like the size of your breasts," and "your breasts are perfect."

12. On or about February 12, 2010, Plaintiff also requested a transfer to a different store location so that she was no longer be supervised or have any direct contact with Zimmerman.

13. Defendant subsequently transferred Plaintiff to its Franklin, Tennessee location.

14. On or about May 7, 2010, Plaintiff reported Zimmerman's comments to Defendant's human resources department in accordance with Defendant's internal policies.

15. Plaintiff received a negative employee evaluation shortly after reporting Zimmerman's harassment to human resources.

16. Plaintiff was subsequently advised that, despite her complaints of harassment, and transfer, Defendant had permitted Zimmerman to write Plaintiff's evaluation.

17. Following her report of sexual harassment to human resources, Defendant permitted Plaintiff to be "written up" for alleged misconduct which did not, in fact, occur.

18. Following her report of sexual harassment to human resources, Defendant denied Plaintiff a pay raise to which she was otherwise entitled.

19. Following her report of sexual harassment to human resources, Defendant terminated Plaintiff for allegedly leaving a store safe unsecured.

20. Plaintiff is aware of a number of similarly situated employs who were not terminated or even disciplined for leaving a store safe unsecured or for other, similar acts.

**COUNT I**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 -- SEX**
**DISCRIMINATION/HARASSMENT**

21.     Plaintiff hereby reavers and incorporates by reference herein all statements and allegations previously set forth as if fully rewritten herein.

22.     Plaintiff is a person as that term is defined by 42 U.S.C. § 2000e(a).

23.     Defendant is an "employer" as that term is defined by 42 U.S.C. § 2000e(b).

24.     Defendant has engaged or intentionally engaged in unlawful employment practices and policies in violation of 42 U.S.C. 2000e et seq.

25.     Defendant's discriminatory practices include, but are not limited to: (1) creating or permitting a hostile work environment heavily charged with discrimination; (2) maintaining wages, job assignments and other conditions of employment that unlawfully operate to deny equal opportunity to Plaintiff because of her sex; and (3) wrongfully terminating Plaintiff from employment because of her sex.

26.     The effect of these policies and practices has been to deprive Plaintiff of equal employment opportunities and otherwise to adversely affect her status as an employee because of her sex.

27.     Plaintiff has been deprived of income in the form of wages and of prospective retirement benefits, Social Security, Unemployment Compensation benefits and other benefits due to her as an employee solely because of her sex, in an amount to be proven at trial.

## COUNT II

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – RETALIATION

28.     Plaintiff hereby reavers and incorporates by reference herein all statements and allegations previously set forth as if fully rewritten herein.

29.     Defendant has engaged or intentionally engaged in unlawful employment practices and policies in violation of 42 U.S.C. § 2000e-3.

30.     Defendant's discriminatory practices include, but are not limited to: (1) issuing a negative employee evaluation to Plaintiff in retaliation for Plaintiff's reporting harassment to Defendant's human resources department; (2) falsely accusing Plaintiff of workplace misconduct in retaliation for Plaintiff's reporting harassment to Defendant's human resources department; (3) refusing to afford Plaintiff pay increases to which she was otherwise entitled in retaliation for Plaintiff's reports of harassment; and (4) unlawfully terminating Plaintiff in retaliation for her reports of harassment.

31.     The effect of these policies and practices has been to deprive Plaintiff of equal employment opportunities and otherwise to adversely affect her status as an employee due to her participation in activity protected pursuant to 42 U.S.C. § 2000e et seq.

32.     Plaintiff has been deprived of income in the form of wages and of prospective retirement benefits, Social Security, Unemployment Compensation benefits and other benefits due to her as an employee because of her participation in activities protected pursuant to 42 U.S.C. § 2000e et seq., in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1.      Compensatory damages in an amount to be determined in an amount up to $300,000.00;

2.      Back pay and front pay in an amount to be determined;

3.      Punitive damages in an amount to be determined up to $300,000.00;

4.      Pre- and post-judgment interest;

5.      Costs and attorney's fees;

6.      Such other and further relief, both legal and equitable, that the Court may deem just and proper; and

7.      A jury of twelve to hear this cause of action.


Respectfully submitted,


s/ Jeremy W. Parham
Jeremy W. Parham, Tenn. Bar No. 022222
114 N. Spring Street
Manchester, TN 37355
Phone: 931-954-5297
Email: jparham@parhamlawoffice.com

Roland Mumford
100 Hazel Path, Ste. C
Hendersonville, TN 37075
Phone: 615-348-0070
Email: roland@mumfordlaw.net

Attorneys for Plaintiff

6