# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| **PATRICIA A. KEARLEY,** )<br> )<br> Plaintiff, )<br> )<br>v. )<br> )<br>**GOODWILL INDUSTRIES OF MIDDLE** )<br>**TENNESSEE, INC.,** )<br> )<br> Defendant. ) | No. 3:12-0077<br>JUDGE TRAUGER<br>MAGISTRATE JUDGE BRYANT<br><br>JURY DEMAND |

## INITIAL CASE MANAGEMENT ORDER

In accordance with Federal Rule of Civil Procedure 26(f) and Local Rule 16(d)(1)b.2, Plaintiff Patricia A. Kearley ("Plaintiff") and Defendant Goodwill Industries of Middle Tennessee, Inc. ("Defendant") submit this Proposed Initial Case Management Order.

1. **Jurisdiction**: The parties agree that the Court has jurisdiction under 28 U.S.C. § 1331.

2. **Theories of the Case**:

**(a)** **Plaintiff's Theory**

Plaintiff, Patricia Kearley, is a female citizen of the United States. Ms. Kearley was previously employed by Defendant as an Assistant Manager at Defendant's Nolensville, Tennessee location from October 9, 2009, until Defendant terminated her following complaints of sexual harassment made on or about May 7, 2010.

Throughout much of Plaintiff's employment with Defendant, Plaintiff was supervised by Harry Zimmerman in his capacity as Manager for Defendant's Nolensville, Tennessee store. Zimmerman repeatedly made inappropriate comments to Plaintiff regarding her breast and body.

Plaintiff requested a transfer to a different location on or about February 12, 2010, in order to avoid contact with Zimmerman. Plaintiff later reported Zimmerman's comments to Defendant's human resources department on or about May 7, 2010. Shortly thereafter, however, Plaintiff received a negative performance evaluation; most likely because Defendant allowed Zimmerman to write Plaintiff's evaluation. Defendant further allowed Plaintiff to be "written up" for alleged misconduct which did not occur. Ultimately, Defendant terminated Plaintiff for allegedly leaving a store safe unsecure. This, despite the fact that Plaintiff is aware of similarly situated, male employees who were not terminated, or even disciplined, for the same conduct.

**(b)** **Defendant's Theory**

Defendant denies that it engaged in any unlawful conduct or that Plaintiff is entitled to any remedy or relief from Defendant. Specifically, Plaintiff is unable to establish a prima facie case of discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended. All personnel actions challenged by Plaintiff were taken by Defendant solely for legitimate, business reasons, and were in no way motivated by or based on discriminatory or retaliatory animus.

3. **Issues Resolved**: Jurisdiction and venue.

4. **Issues Still in Dispute**: Liability and damages.

5. **Initial Disclosures**: All parties must make their Rule 26(a)(1) Initial Disclosures within fourteen days after the Initial Case Management Conference, or by August 13, 2012.

N MMS01 917854 v3
2832072-000132  07/25/2012

6. **Discovery:** The parties shall complete all written discovery and depose all fact witness on or before February 15, 2013. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

7. **Motions to Amend**: The parties shall file all Motions to Amend on or before August 31, 2012.

8. **Disclosure of Experts**: The plaintiff shall identify and disclose all expert witness and expert reports on or before January 15, 2013. The defendant shall identify and disclose all expert witness reports on or before February 15, 2013.

9. **Depositions of Expert Witnesses**: The parties shall depose all expert witnesses on or before February 28, 2013.

10. **Joint Mediation Report:** The parties shall file a Joint Mediation Statement by January 25, 2013.

11. **Dispositive Motions:** All dispositive motions shall be filed by March 15, 2013. Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

N MMS01 917854 v3
2832072-000132  07/25/2012

12. **Electronic Discovery:** The parties have reached agreement on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

13. **Jury Trial.** It is anticipated the case will take approximately 3 days to complete. Accordingly, this action is set for a jury trial to begin _____. A separate Order will be entered setting forth the remaining pre-trial deadlines. A Pretrial Conference is set for _____.

**ENTERED** this __6th__ day of August 2012.

_____
**ALETA A. TRAUGER**
**UNITED STATES DISTRICT JUDGE**

4

**APPROVED FOR ENTRY:**

s/ Jeremy W. Parham  w/ permission
Jeremy W. Parham, BPR #022222
Jeremy W. Parham, Attorney at Law
114 N. Spring Street
Manchester, TN 37355

Roland Mumford, BPR #026495
Law Office of Roland Mumford & Associates
100 Hazel Path, Ste. C
Hendersonville, TN 37075

*Attorneys for Plaintiff*


s/ M. Kim Vance
M. Kim Vance, BPR #013444
Megan M. Sutton, BPR #029419
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Commerce Center, Suite 800
211 Commerce Street
Nashville, Tennessee 37201
Telephone: (615) 726-5600
Facsimile:  (615) 726-0464

*Attorneys for Defendant Goodwill Industries of Middle Tennessee, Inc.*